DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 36 WEST 11TH STREET BH, LLC, | Case No. 24-10650 (LGB) |
| Debtor. | |

-----------------------------------------------------------x

**DECLARATION OF DAVID GOLDWASSER PURSUANT TO**
**LOCAL BANKRUPTCY RULE 1007-2**

DAVID GOLDWASSER, under penalties of perjury, hereby declares and states as follows:

1. I am the manager of 36 West 11th Street BH, LLC, the above captioned debtor (the "Debtor"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

**PART I**
**BACKGROUND**

2. Formed on March 2, 2021, the Debtor is a domestic limited liability company organized and existing under the laws of the State of New York.

3. The Debtor was formed to acquire title to the real property located at 36 W. 11th Street, New York, NY 10011 (the "Property").

4. The Property is a three-story, mixed-used building with approximately 4,800 square feet and has been vacant for three years. The Debtor believes the Property is currently worth an estimated $8,000,000.00.

1

5. On October 8, 2021, the Debtor acquired the Property for $11,000,000.00, with two mortgages executed on the same day. The first mortgage was for $7,425,000.00 and between the Debtor and the current holder known as 36W11 LLC ("36W11"). The second mortgage was for $2,475,000.00 and between the Debtor and CW West 11 Lender, LLC ("CW").

6. Due to a plethora of issues including the Covid-19 Pandemic and a lack of tenants at the Property, the Debtor's cash flow was severely damaged which in turn caused it to default on the mortgages around 2023.

7. In response to the Debtor's default, 36W11 chose an election of remedy to sue the guarantors of the mortgage between it and the Debtor, and without first commencing a foreclosure action, commenced an action against the guarantors on November 8, 2023 in New York County Supreme Court, styled as *36W11, LLC v. Stevem Ostad* et al. Index No. 655569/2023 (the "Guarantor Action").

8. It is the Debtor's legal position that because 36W11 chose an election of remedy to sue the guarantors rather than foreclose on the Property, under prevailing New York law, including but not limited to NY RPAPL § 1301(3), 36W11 has now waived its rights to foreclose, and its secured claim is therefore at most an unsecured claim in the Debtor's Chapter 11 case. "The purpose of RPAPL § 1301 is 'to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action." *Resolution Tr. Corp. v. J.I. Sopher & Co.*, 1997 WL 100879, at *2, 1997 U.S. App. LEXIS 4028 at *6 (2d Cir. Mar. 6, 1997) (summary order) (quoting *Dollar Dry Dock Bank v. Piping Rock Builders, Inc.*, 181 A.D.2d 709, 710, 581 N.Y.S.2d 361 (2d Dep't 1992)). "This 'election of remedies' rule [also] applies to actions on the guaranty of a note." *Id.* (quoting *Manufacturers Hanover Trust Co. v. 400 Garden City Assocs.*, 150 Misc.2d 247, 568 N.Y.S.2d 505, 507 (N.Y. Sup. Ct. 1991)).

9. The Debtor believes its legal position is further supported by recent case law in this jurisdiction and others holding the same conclusion. *See Stewart Title Ins. Co. v. Zaltsman*, 208 A.D.3d 916, 173 N.Y.S.3d 654 (2022); *Letchworth Realty, LLC v. LLHC Realty, LLC*, 2020 WL 5361666, at *2 (W.D.N.Y. Sept. 8, 2020).

10. As a result of 36W11's election of remedies and waiver of its right to assert a secured claim, the Debtor has scheduled 36W11 as an unsecured creditor and CW as the first priority secured creditor in its schedules.

11. On March 11, 2024, by virtue of an assignment agreement, the Debtor's prior sole member, The Hamptons & West 11, LLC, assigned all of its interests in the Debtor to my wholly owned company, Saw Mill Road Partners, LLC ("Saw Mill"). Effective the same day, Saw Mill executed a member resolution, whereby I was appointed as the sole manager of the Debtor.

12. To preserve the Debtor's interest in the Property, I authorized the Debtor to file for Chapter 11 bankruptcy protection in the Southern District of New York on April 16, 2024 (the "Petition Date").

13. The Debtor intends to utilize Chapter 11 to settle with its pre-petition lenders, commence a potential adversary proceeding against 36W11 to assert its legal position if necessary, and simultaneously retain a broker to market and sell the Property through applicable bankruptcy procedure.

14. If a plan can be consummated expeditiously in bankruptcy, the creditors will likely have the best chance of a recovery through a Chapter 11 plan of reorganization.

15. The Debtor will also promptly review and adjudicate any claims or interests asserted by any other related parties.

16. The Debtor therefore submits that the filing of the Chapter 11 case was necessary

to preserve the value of the estate and maximize a return to its creditors.

17. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II
## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

18. In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

19. The Debtor's management operates at 3284 North 29th Court, Hollywood, FL 33020. The Debtor's principal assets are the Property.

**Local Rule 1007-2(a)(2)**

20. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

21. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

22. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

23.     A schedule of the Debtor's 5 largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

24.     A summary of the Debtor's consolidated assets and liabilities is annexed hereto as **Schedule III.**

**Local Rule 1007-2(a)(7)**

25.     There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

26.     None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor.

**Local Rule 1007-2(a)(9)**

27.     The Debtor owns the Property.

**Local Rule 1007-2(a)(10)**

28.     The Debtor's books and records and substantial assets are located at the Debtor's manager's office at 3284 North 29th Court, Hollywood, FL 33020.

**Local Rule 1007-2(a)(11)**

29.     All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's Statement of Financial Affairs as filed.

**Local Rule 1007-2(a)(12)**

30.     The Debtor is currently managed by David Goldwasser as its manager.

**Local Rule 1007-2(b)(1) and (2)**

31. The Debtor currently has no employees.

32. The Debtor's estimated gross weekly payroll and payments to managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is 0.

33. The Debtor's estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petition is approximately $0.

**Local Rule 1007-2(b)(3)**

34. A schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss and obligations expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: April 16, 2024

*/s/ David Goldwasser*
David Goldwasser, Manager

## SCHEDULE I

CONSOLIDATED 20 LARGEST UNSECURED CREDITORS

See Attached

Fill in this information to identify the case:

Debtor name: **36 West 11th Street BH, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF NEW YORK**

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **36W11 LLC**<br>**c/o Michael J. Bonneville**<br>**Kriss & Feuerstein LLP**<br>**360 Lexington Ave, Suite 1200**<br>**New York, NY 10017** | | **Disputed Mortgage** | **Disputed** | | | $7,425,000.00 |

## SCHEDULE II

<u>DEBTOR'S FIVE LARGEST SECURED CREDITORS</u>

See Attached

**Fill in this information to identify the case:**

Debtor name: **36 West 11th Street BH, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**
☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **City of NY Dept. of Finance**<br>Creditor's Name<br><br>66 John Street, Room 104<br>New York, NY 10038<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>Date debt was incurred<br><br>Last 4 digits of account number<br><br>Do multiple creditors have an interest in the same property?<br>☐ No<br>☒ Yes. Specify each creditor, including this creditor and its relative priority.<br>1. CW West 11 Lender, LLC<br>2. City of NY Dept. of Finance | Describe debtor's property that is subject to a lien<br>3-story, 4,800 SF mixed-use real estate located at 36 W 11th Street, New York, NY 10011<br><br>Describe the lien<br><br>Is the creditor an insider or related party?<br>☒ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $152,294.31 | $8,000,000.00 |
| **2.2** **CW West 11 Lender, LLC**<br>Creditor's Name<br><br>c/o Abraham Lowy<br>Treff & Lowy PLLC<br>481 Wythe Ave, Fl. 2<br>Brooklyn, NY 11249<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>Date debt was incurred<br><br>Last 4 digits of account number | Describe debtor's property that is subject to a lien<br>3-story, 4,800 SF mixed-use real estate located at 36 W 11th Street, New York, NY 10011<br><br>Describe the lien<br><br>Is the creditor an insider or related party?<br>☒ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | $2,475,000.00 | $8,000,000.00 |

Official Form 206D    Schedule D: Creditors Who Have Claims Secured by Property    page 1 of 2

| Debtor | **36 West 11th Street BH, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ☐ No | ☐ Contingent |
| ■ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| **Specified on line 2.1** | ☐ Disputed |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   $2,627,294.31

### Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

## SCHEDULE III

### SUMMARY OF ASSETS AND LIABILITIES

See Attached

**Fill in this information to identify the case:**

Debtor name: __36 West 11th Street BH, LLC__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF NEW YORK__

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                                12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*..................................................................................... $ **8,000,000.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*.................................................................................. $ **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*..................................................................................... $ **8,000,000.00**

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*................................. $ **2,627,294.31**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................................ $ **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................. +$ **7,425,000.00**

4. **Total liabilities** ........................................................................................................
   Lines 2 + 3a + 3b                                                                                                       $ **10,052,294.31**

## SCHEDULE IV

### 30 DAY ESTIMATED INCOME AND EXPENSES

Income: $0

Expenses: $0